[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de: MOTION FOR MODIFICATION
Supplementing the granting of the motion for modification, this court makes the following findings. This motion is not a IV-D matter.
The plaintiff, Jane Parry, and the minor child of the parties reside in Connecticut. The defendant, Neil Bellinson, resides in the State of New York. The plaintiff registered a New Jersey child support order in Connecticut. On September 14, 1998, the parties met with Family Relations and agreed to modify the New Jersey order from $167 per week to $200 per week, payable on a monthly basis, and based on a substantial change in circumstances on the part of the defendant. On that same date, the parties executed a stipulation and submitted it to the court. Additionally, the parties filed the following: (1) current financial affidavits; (2) a waiver of immediate income withholding; and (3) a Child Support Guidelines worksheet that included an explaination as to why this court should deviate from the guidelines. On September 21, 1998, the defendant filed a motion for modification of the New Jersey child support order in this court.
The defendant argues that "[s]ection 45(a)(1) [of Connecticut's version of UIFSA] permits the Court to grant a modification of child support if the movant is a nonresident of Connecticut." Further, the defendant argues that "[b]y filing this motion for modification, . . . the defendant permits the Court to modify the New Jersey order without any additional court filings in New Jersey. . . ." Connecticut's version of UIFSA, Public Acts, Spec. Sess., June, 1997, No. 97-1, § 45(a) provides: "After a child support order issued in another state has been registered in this state, a family support magistrate may modify that order only if, after notice and hearing, he finds that:" (1) The following requirements are met; (A) the child, the individual obligee and the obligor do not reside in the issuing state; (B) a petitioner who is a nonresident of this state seeks modification; and (C) the respondent is subject to the personal jurisdiction of the Family Support Magistrate Division; or (2) the child or party who is an individual is subject to the personal jurisdiction of the Family Support Magistrate Division and all of the parties who are individuals have filed written consents in the issuing tribunal for a family support magistrate to modify the support order and assume continuing exclusive jurisdiction over the order provided if the issuing state is a foreign jurisdiction that has not enacted a law or established procedures substantially similar to sections 1 to 50, inclusive, of this act, the consent CT Page 11344 otherwise required of an individual residing in this state is not required for the family support magistrate to assume jurisdiction to modify a child support order" Spec. Sess. P.A. 97-1, § 45(a).
Based on the facts in the present case, the court should apply Spec. Sess. P.A. 97-1, § 45(a)(1). As a threshold matter, the existing child support order is registered in Connecticut. Further, neither the minor child, the obligor (Bellinson), nor the obligee (Parry) reside in the issuing State of New Jersey. Accordingly, § 45(a)(1)(A) is satisfied. The petitioner in this case is the defendant, Bellinson. The defendant is a resident of the State of New York, and is therefore a non-resident of the State of Connecticut. Accordingly, Spec. Sess. § 97-1, § 45(a)(1)(B) is satisfied. The respondent in this case is the plaintiff, Parry. She is a resident of the State of Connecticut. Therefore, she is subject to personal jurisdiction in this state. Accordingly, Spec. Sess. P.A. 97-1, § 45(a)(1)(C) is satisfied.
Because of all of the elements of Spec. Sess. P.A. 97-1 § 45(a)(1) are established, the court proceeds under that subsection and grants the defendant's motion for modification. Because the court is proceeding under § 45(a)(1) and not under § 45(a)(2), there is no need for the parties in this case to file written consent with the issuing tribunal in New Jersey. It should also be noted that there is no requirement in § 45(a) that this court notify the issuing jurisdiction before this court can modify the issuing tribunal's order.
Based on the foregoing, the court granted the defendant's motion for modification of child support.
HARRIGAN, J.